# Exhibit A

United States District Court

For the Northern District of California

1
2
3
4
5
6
7                 UNITED STATES DISTRICT COURT
8             NORTHERN DISTRICT OF CALIFORNIA
9
10 PESTICIDE ACTION NETWORK NORTH      No. C 08-01814 MHP
AMERICA, et al.,
11           Plaintiffs,           **MEMORANDUM & ORDER**
12   v.                    **Re: Gowan Company's Motion to Intervene;**
13 U.S. ENVIRONMENTAL PROTECTION    **Croplife America's Motion to Intervene**
AGENCY, et al.,
14
          Defendants.
15 _____/
16

17      On April 4, 2008 plaintiffs Pesticide Action Network North America and others brought this

18 action against the United States Environmental Protection Agency ("EPA") and others challenging

19 the validity of EPA decisions authorizing "re-registration" of four pesticides—methidathion,

20 oxydemeton-methyl ("ODM"), methamidophos and ethoprop—under the Federal Fungicide,

21 Insecticide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136–136y, and the Endangered Species Act

22 ("ESA"), 16 U.S.C. §§ 1531–44. Plaintiffs contend that the EPA has authorized various uses of

23 these pesticides to continue based on flawed risk-benefit analyses and seek a court order requiring

24 the EPA to undertake new re-registration eligibility determinations ("REDs").

25      Now before the court are Gowan Company's ("Gowan") and Croplife America's ("CLA")

26 applications to intervene as defendants in this action. Neither motion is opposed by either the

27 current plaintiffs or defendants. Having considered the parties' arguments and submissions, and for

28 the reasons set forth below, the court rules as follows.

BACKGROUND

I.     FIFRA/EPA

FIFRA establishes a comprehensive regulatory scheme for the manufacture, distribution, sale and use of pesticides in the United States.  Since 1972, it has imposed a requirement that all pesticides be registered and prohibits the distribution or sale of any pesticide that is not registered according to standards it has set forth.  7 U.S.C. § 136a(a), (c).

In 1988 Congress amended FIFRA to require "re-registration" of all pesticides registered before November 1, 1984.  This required the EPA to establish a formal re-registration process, by which it would conduct a review of the pesticides for their potential effects on human health and the environment.  Id. § 136a-1.

II.    ESA

The ESA is designed to protect and conserve endangered and threatened species.  16 U.S.C. § 1533.  As relevant to this action, section 7(a)(2) provides:

> Each Federal agency shall, in consultation with and with the assistance of the Secretary, insure that any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habit of such species . . . .

Id. § 1536(a)(2).

III.   Gowan

Gowan is the sole United States registrant under FIFRA of ODM and methidathion.  Baker Dec., ¶¶ 4, 5.  ODM was originally registered in 1961 for use in manufacturing, in 1962 for use on ornamentals and in 1964 for pest control in food crops.  Id., ¶ 6.  Methidathion was originally registered in 1972 for use on a variety of crops, including alfalfa, citrus and cotton.  Complaint, ¶ 40. The EPA issued an interim RED for ODM and methidathion in 2002 and a RED for both products in 2006.  Based on these registrations, Gowan markets the MSR® and Supracide® products.  Baker Dec., ¶ 4.

United States District Court

For the Northern District of California

IV. <u>Croplife America</u>

CLA is a not-for-profit trade association for the plant science industry, representing producers, formulators and distributors of crop protection and pest control products. Two CLA members—Gowan and Bayer CropScience ("Bayer")—own registrations for all the pesticides at issue here. Beyond these two companies, CLA's membership encompasses approximately forty manufacturers, formulators and distributors of agricultural pesticides.

<u>LEGAL STANDARD</u>

An applicant is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) if the following four conditions are met:

> (1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

<u>Sw. Ctr. for Biological Diversity v. Berg</u>, 268 F.3d 810, 817 (9th Cir. 2001). These conditions are construed liberally in favor of intervention. <u>Id.</u> at 818.

Under the rules allowing for permissive intervention, the applicant need only demonstrate that: 1) its application is timely; and 2) its defenses present questions of law or fact in common with those presented by the plaintiffs' claims. Fed. R. Civ. P. 24(b)(1)(B); <u>see also</u> Fed. R. Civ. P. 24(b)(3) (requiring court to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights"). Rule 24(b)(2) specifically dispenses with the "significant protectable interest" requirement of Rule 24(a)(2). <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 964, 1108 (9th Cir. 2002).

<u>DISCUSSION</u>

I. <u>Intervention as of Right</u>

    A. <u>Timeliness</u>

In determining whether a motion is timely, the courts in this Circuit look to the following factors: "(1) the stage of the proceeding in which the applicant seeks to intervene; (2) the prejudice

United States District Court
For the Northern District of California

to other parties; and (3) the reason for and length of the delay." <u>United States v. Alisal Water Corp.</u>, 370 F.3d 915, 921 (9th Cir. 2004) (internal quotation omitted).

Plaintiffs filed this action on April 4, 2008. An answer was filed by the EPA on June 9, 2008. No discovery has occurred and no rulings by this court have issued. Thus, this action remains at the outset of litigation. At this very early stage, intervention will not prejudice the plaintiffs or the EPA. Furthermore, the intervenors do not seek to add additional issues to the litigation. To the extent there has been any delay, it is only the natural lapse between the filing of the complaint and the intervenors' discovery of the action, a brief period for each potential intervenor to undertake the necessary consideration regarding whether to intervene, and a reasonable time for counsel to prepare the application for intervention. Thus, the timeliness requirement is met.

B.     Significantly Protectable Interest

This element of the Rule 24(a) test is not without complications given this Circuit's "none but a federal defendant" rule. <u>See</u> <u>Kootenai Tribe</u>, 313 F.3d at 1108 (adopting the "none but a federal defendant " rule that precludes private parties from intervening as of right in a National Environmental Policy Act ("NEPA") action). This rule stems from cases seeking to compel the government to comply with federal statutes such as NEPA.[1] <u>See, e.g.</u>, <u>id.</u> and <u>Wetlands Action Network v. United States Army Corps. Of Eng'rs</u> , 222 F.3d 105, 1113-14 (9thCir. 2000). The Circuit based the rule "on the premise that private parties do not have a 'significant protectable interest' in NEPA compliance actions" because "NEPA requires action only by the government [and] only the government [not private parties] can be liable under NEPA." <u>Id.</u> at 1108. The facts and procedural posture of this case are different from those in <u>Kootenai Tribe</u> and <u>Wetlands Action</u>, for plaintiffs here seek certain actions be taken by the EPA and those actions by reason of the registration requirements directly affect the property interest and economic viability of the intervenors.

The registrations involved here are essentially government licenses to produce, distribute and sell pesticides. Gowan argues that registrations therefore constitute property, and the decisions to issue registrations and allow re-registration are transactions for purposes of Rule 24(a)(2). This

United States District Court

For the Northern District of California

1  court agrees.  See Natural Res. Def. Council v. Envtl. Prot. Agency, 99 F.R.D. 607, 609 (D.D.C.

2  1983) (pesticide manufacturer has "substantial and direct interest" justifying intervention in

3  litigation challenging EPA's regulatory process).  Therefore, Gowan has met this standard.

4      Similarly, CLA has a vested interest in maintaining the current regulatory scheme for the

5  benefit of its members.  Specifically, plaintiffs seek declaratory and injunctive relief that could cause

6  EPA to re-open prior re-registration eligibility decisions and/or alter its re-registration processes.

7  Many of CLA's members' registrations are for pesticides that are the subject of REDs, or for which

8  REDs are pending.  Vroom Dec., ¶¶ 5, 6.  Consequently, any change in the regulatory scheme will

9  likely lead to large financial consequences for CLA members.  Therefore, CLA has an identifiable,

10 significantly protectable interest in the integrity and finality of re-registration decisions.  See Sw.

11 Ctr. for Biological Diversity, 268 F.3d at 818 (because their economic interest was not based on a

12 bare expectation, construction contractor and building trade associations were allowed to intervene

13 as of right when environmental groups brought suit against city and various federal departments

14 alleging that city's comprehensive land management plan and species conservation program did not

15 comply with ESA requirements); see also Idaho v. Freeman, 625 F.3d 886 (9th Cir. 1980) (allowing

16 the National Organization for Women to intervene as of right in a suit challenging procedures for

17 ratification of the proposed Equal Rights Amendment of the United States Constitution); County of

18 Fresno v. Andrus, 622 F.3d 436 (9th Cir. 1980) (organization consisting of small group of farmers

19 and prospective farmers allowed to intervene as of right in a suit by Fresno County to enjoin the

20 Secretary of the Interior from promulgating regulations governing excess land sales until an

21 environmental impact statement had been prepared).

22

23      C.      Impediment to Protecting that Interest

24      Gowan claims that revisiting the registrations and/or placing restrictions on their registrations

25 would have a devastating impact on its business.  CLA claims the same regarding the impact of

26 changes to the registration scheme upon its members' businesses.  In light of these averments, it is

27 clear that the disposition of this action may impair or impede the applicants' ability to protect their

28 interest in the existing registrations and the registration process.

United States District Court

For the Northern District of California

D.      Inadequate Representation of Applicant's Interests

In determining whether the final criterion for intervention is met, the following factors apply: "(1) whether the interest of a present party is such that it will undoubtedly make all of the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the intervenor would offer any necessary elements to the proceedings that the other parties would neglect."  Nw. Forest Resource Council v. Glickman, 82 F.3d 825, 838 (9th Cir. 1996).  Here, the EPA is not in a position to defend the interests of CLA and its members, including the Gowan company.  EPA's interests, as the governmental body that regulates pesticides, necessarily differ from the interests of the regulated private parties that manufacture pesticides and own the registrations.  Although these interests may overlap in some cases, they are not the same.

The EPA certainly has a strong interest in defending the re-registration decisions challenged in this action.  Indeed, the EPA is supposed to be the stalwart for environmental protection and must adhere to the FIFRA's goal of preventing "unreasonable adverse effects" from the distribution and use of pesticides.  On the other hand, the interests of CLA and the Gowan company include their own private, economic interests, which the EPA does not share.

At first blush it would appear that the presence of *both* the CLA and Gowan is unnecessary in this action.  However, the Gowan company is the owner of registrations of only two of the four re-registered pesticides at issue; the other registrations are owned by Bayer, a CLA member. Moreover, CLA's interests are focused on the broader regulatory issues presented by plaintiffs' claims.  Thus, if CLA's motion for leave to intervene was denied, CLA could not expect Gowan to defend the interests of CLA's other members.  For example, the plaintiffs, EPA and Gowan Company could find a way to resolve plaintiffs' claims as they affect Gowan's products and registrations, in a manner that may compromise the interests of other CLA members with regard to other products, or on terms that place new burdens on the re-registration process to which CLA's other members might object.[2]

In sum, both applicants for intervention may intervene as of right.

II.     Permissive Intervention

In order to avoid any possible complications related to the "none but a federal defendant" rule, the court also determines whether the potential defendants meet the standard for permissive intervention.   Since the timeliness issue has been discussed above, the court now discusses the common questions of law and fact raised by these motions.

A ruling on the procedures by which the EPA makes its re-registration decisions may have far-reaching implications for all CLA members who are producers, formulators or distributors of pesticides.  Gowan is among these members.  Plaintiffs' challenges to the re-registration process raise questions that are important not only to Gowan, but also to the regulated industry.  In this regard, it is important that the industry's voice be heard.  See id. at 1111 (permissive intervention is warranted where it will help develop the factual and legal record, thereby enhancing judicial efficiency and fairness).  Furthermore, the issues of law and fact that would by raised by Gowan and CLA in defense of EPA's actions are identical to those implicated in the suit.  Thus, since this prong is also met, both applications for intervention would be granted under this standard.

CONCLUSION

For the foregoing reasons, the Gowan Company and Croplife America's motions to intervene are GRANTED.

IT IS SO ORDERED.

Dated: July 8, 2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1.      Decisions in this Circuit have extended this logic to cases arising under statutes other than NEPA which impose federal land management duties upon the federal government.  See Forest Conservation Council v. U.S. Forest Service, 66 F.3d 1489, 1499 (9th Cir. 1995) (analyzing intervention in suit raising NEPA and National Forest Management Act claims); Sw. Ctr. for Biological Diversity v. U.S. Forest Service, 82 F. Supp. 2d 1070, 1073–74 (D. Ariz. 2000) (involving ESA claims).

2.      The parties seeking intervention also seem to meet standing requirements.  Standing "is at least implicitly addressed by [the] requirement that the applicant must 'assert[] an interest relating to the property or transaction which is the subject of the action.'" Sw. Ctr. for Biological Diversity, 268 F.3d at 821 n.3 (quoting Portland Audubon Society v. Hodel, 866 F.2d 302, 308 n.1 (9th Cir. 1989)).

8