LATHAM & WATKINS LLP
William K. Rawson (D.C. Bar No. 367167)*
william.rawson@lw.com
Claudia M. O'Brien (D.C. Bar No. 447354)*
    555 Eleventh Street, N.W., Suite 1000
    Washington, D.C.  20004-1304
    T:  (202) 637-2200  F:  (202) 637-2201

Patrick J. Ferguson (CA. Bar No. 252778)
patrick.ferguson@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, CA  94111-6538
    T:  (415) 391-0600  F:  (415) 395-8095

WILEY REIN LLP
David B. Weinberg
(D.C. Bar No. 186247)*
dweinberg@wileyrein.com
    1776 K Street, N.W.
    Washington, D.C.  20006
    T:  (202) 719-7000 F:  (202) 719-7049

*Attorneys for Defendant-Intervenors CropLife America, et al.*

*Admitted *pro hac vice*

STEPTOE & JOHNSON LLP
Seth Goldberg (CA. Bar No. 153719)
sgoldberg@steptoe.com
Cynthia L. Taub (D.C. Bar No. 445906)*
    1330 Connecticut Ave. N.W.
    Washington, D.C. 20036
    T: (202) 429-3000  F: (202) 429-3902

*Attorneys for Defendant-Intervenor American Chemistry Council*

ARNOLD & PORTER
Thomas William Stoever, Jr.
(CA. Bar No. 150056)
thomas_stoever@aporter.com
    370 17th Street, Suite 4400
    Denver, CO 80202
    T: (303) 863-1000 F: (303) 832-0428

*Attorney for Defendant-Intervenor Reckitt Benckiser LLC*

CROWELL & MORING LLP
J. Michael Klise*
jmklise@crowell.com
Steven P. Quarles*
Thomas R. Lundquist
1001 Pennsylvania Ave., NW
Washington, D.C. 20004-2595
T: (202) 624-2629 F: (202)-628-5116

*Attorneys for Defendant-Intervenors American Farm Bureau Federation, et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>          Defendants,<br>   and<br><br>CROPLIFE AMERICA, *et al.*,<br><br>          Defendant-Intervenors. | Case No. CV-11-0293-JCS<br><br>**DEFENDANT-INTERVENORS' JOINT STATUS REPORT**<br><br>**Status Conference Date: Sept. 14,  2012**<br><br>**Time: 1:30 PM**<br><br>**Magistrate Judge Joseph C. Spero** |

At the May 4 status conference, the Court encouraged written submissions prior to the next status conference. This submission provides Defendant-Intervenors' perspective on the status of settlement discussions.

For reasons described below, it is unrealistic to believe a settlement can be reached by November 1, 2012. Defendant-Intervenors respectfully urge the Court at the September 14, 2012 status conference to: (1) affirm its prior decision that the stay will be lifted on November 1 (or earlier, if the Court believes it appropriate); (2) grant Defendant-Intervenors' Motion to Intervene as to the merits of this case effective as of the date the stay is lifted; and (3) establish a schedule for the filing, briefing and argument of Defendant-Intervenors' Motion to Dismiss for lack of jurisdiction.

The Court was correct in its previous surmise that the settlement under discussion would propose both deadlines for effects determinations by EPA as well as non-label restrictions (so-called interim restrictions) on the use of certain pesticides. Plaintiffs have proposed that the pesticides to be subject to interim restrictions will not be the same as the products that would be subject to a schedule for effects determinations. This does not make any sense to Defendant-Intervenors, but it raises the stakes considerably, because it means burdensome and restrictive interim measures could be in place indefinitely for some products.

Moreover, the complete list of pesticides that Plaintiffs propose be the subject of interim restrictions was supposed to be identified this past Monday, September 10, but Plaintiffs missed that deadline and have advised that they expect to provide it by this Friday, September 14. No agreement has been reached as to the non-label restrictions that would be imposed or the areas that would be covered by them, for any products or species. As the Court recognized at the May hearing, the latter two points are the most difficult on which to reach agreement, because they involve detailed review of maps, pesticide use areas and species habitat. Individual determinations must be made for each species and, Defendant-Intervenors believe, in some cases for various species-habitat combinations. (For example, herbicides, rodenticides and insecticides present different risks to species, and rational non-label restrictions, if imposed at all, should reflect this fact.) In a sense, the hard part of the negotiations is just beginning, twenty months after the case was filed.

1        Looked at from another perspective, the portion of the negotiations that will impose the greatest

2  burden on Defendant-Intervenors is just beginning, and the threat to individual products will become

3  more concrete now that specific interim restrictions are being proposed.  The hardship associated with

4  having products subject to claims filed out of time and in the wrong court thus continues to grow.

5        This status reflects the pace of settlement discussions.  Plaintiffs and Defendant have not

6  followed the Court's express admonition to "put this at the top of your priority list" and "get it all done,

7  and not just have one day a month negotiating sessions, but have marathon sessions and get it done."  To

8  the contrary, in the first 90 days after the May 4 status conference, the parties met by phone only once,

9  had an exchange of letters, and a couple of emails.  Here is our understanding of the chronology of

10  substantive settlement communications since the May status conference:

11      -  May:     One email from Plaintiffs to other parties and one response email from

12          Defendants.

13      -  June:     One letter from Intervenors to other parties and one settlement conference call.

14      -  July:     One email from Defendant to other parties, one letter from Plaintiffs, and one

15          letter from Intervenors to Plaintiffs.

16      -  August:   Three settlement conference calls, one letter and one email from Plaintiffs to other

17          parties, and a set of emails from Defendant to other parties transmitting a number of maps

18          (the size of which required multiple emails).

19      -  September: One settlement conference call, four emails from Plaintiffs to other parties.

20        The Court gave the parties fair warning at the May 4 status conference that the stay would be

21  lifted November 1, if not sooner, and admonished Plaintiffs and Defendants to give top priority to the

22  settlement discussions.  That has not occurred, and the hardship on Defendant-Intervenors will now

23  increase, as individual products become subject to complex, time-consuming and labor-intensive

24  negotiations over non-label restrictions that, if approved, could be in place indefinitely.  Defendant-

25  Intervenors believe the Court should consider their motion to dismiss to determine if Plaintiffs' claims

26  are subject to the jurisdiction of this Court.  While this case continues to create uncertainty in the

27  marketplace, and before further time and resources are invested on the proposed settlement, Plaintiffs

28  should be required to demonstrate that their claims were timely and filed in the right court.

1    The Court should also be aware that the Ninth Circuit appeal of the District of Arizona

2  November 23, 2011 decision in *Council for Endangered Species Act Reliability v Jackson* (D. Ariz., No.

3  CV-10-8254-SMM) recently was voluntarily dismissed. Thus, Judge McNamee's decision granting the

4  Government's argument in that case that an Endangered Species Act challenge to an Environmental

5  Protection Agency registration decision under the Federal Insecticide Fungicide and Rodenticide Act

6  must be brought within sixty days of the agency's registration decision, and in a Court of Appeals,

7  remains good law.

8

9  Respectfully submitted this 12th day of September, 2012.

10

11                                              /s/ William K. Rawson

12                                       LATHAM & WATKINS LLP
                                         William K. Rawson (D.C. Bar No. 367167)*
13                                       william.rawson@lw.com
                                         Claudia M. O'Brien (D.C. Bar No 447354)*
14                                       claudia.o'brien@lw.com
                                         555 Eleventh Street, N.W., Suite 1000
15                                       Washington, D.C. 20004-1304
                                         Phone: (202) 637-2200
16                                       Fax: (202) 637-2201

17
                                         Patrick J. Ferguson (Ca. Bar No. 252778)
18                                       patrick.ferguson@lw.com
                                         505 Montgomery Street, Suite 2000
19                                       San Francisco, CA 94111-6538
                                         Phone: (415) 391-0600
20                                       Fax: (415) 395-8095

21
                                         WILEY REIN LLP
22                                       David B. Weinberg (D.C. Bar No. 186247)*
                                         dweinberg@wileyrein.com
23                                       1776 K Street NW
                                         Washington, DC 20006
24                                       Phone: (202) 719-7000
                                         Fax: (202) 719-7049
25

26                                       *Attorneys for Defendant-Intervenors CropLife*
                                         *America, et al.*
27

28

/s/ Thomas W. Stoever, Jr.

Thomas W. Stoever, Jr. (Cal. Bar No. 150056)
ARNOLD & PORTER LLP
370 Seventeenth Street
Suite 4500
Denver, Colorado 80202-1370
Phone: (303) 863-1000
Fax: (303) 832-0428

*Attorney for Defendant-Intervenor Reckitt
Benckiser LLC.*

/s/ J. Michael Klise

J. Michael Klise*
jmklise@crowell.com
CROWELL & MORING LLP
Steven P. Quarles*
Thomas R. Lundquist
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Phone: (202) 624-2500
Fax: (202) 628-5116

*Attorneys for Defendant-Intervenors American
Farm Bureau Federation, et al.*

/s/ Seth Goldberg

Seth Goldberg (CA Bar No. 153719)
sgoldberg@steptoe.com
Cynthia L. Taub (D.C. Bar No. 445906)*
ctaub@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202.429.3000
Fax: 202.429.3902

*Attorneys for Defendant-Intervenor American
Chemistry Council*

*Granted admission *pro hac vice*