[COUNSEL LISTED IN SIGNATURE BLOCK]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>        Defendants,<br><br>CROP LIFE AMERICA, *et al.*,<br><br>        Defendant-Intervenors. | Case No. CV-11-0293-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Case Management Conference**<br>**Date: August 25, 2017**<br>**Time: 2:00 PM**<br><br>**Magistrate Judge Joseph C. Spero** |

    Plaintiffs, Defendants, and Defendant-Intervenors, by and through undersigned counsel, submit this Joint Case Management Statement pursuant to this Court's Order (ECF No. 257), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California.

1. <u>Jurisdiction and Service</u>:  Plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1331 because they allege violations of federal law; the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136n(a), provides that final actions of the U.S. Environmental Protection

1. Agency (EPA) that do not follow a hearing are judicially reviewable in district court; and the Endangered Species Act (ESA) citizen suit provision, 16 U.S.C. § 1540(g), provides the district court jurisdiction to enforce the ESA and its implementing regulations. Plaintiffs completed service on January 24, 2011 (ECF No. 11). Federal Defendants reserve all jurisdictional defenses. Defendant-Intervenors are still reviewing the proposed Third Amended and First Supplemental Complaint but already have identified a number of claims as to which they anticipate challenging this Court's jurisdiction and reserve all defenses.

2. <u>Facts</u>:  Plaintiffs allege EPA failed to initiate consultation and failed to reinitiate prior pesticide consultations on over 2000 pesticide registration actions that may affect endangered and threatened species protected by the ESA.

3. <u>Legal Issues</u>:  Plaintiffs state that the legal issue is whether EPA failed to initiate or reinitiate consultation on pesticide registrations pursuant to Section 7(a)(2) of the ESA, 7 U.S.C. § 1536(a)(2). Federal Defendants reserve all defenses to these claims.  Defendant-Intervenors are still reviewing the proposed Third Amended and First Supplemental Complaint but have as of the filing of this Report identified the following legal issues: whether this Court has jurisdiction to hear some or all of the claims presented in the complaint; whether plaintiffs have complied with the requirements of the Federal Rules of Civil Procedure; whether some or all the claims asserted in the Third Amended and First Supplemental Complaint are claims upon which relief can be granted; whether Defendant EPA was required to initiate or reinitiate consultation pursuant to Section 7(a)(2) of the ESA, 7. U.S.C. § 1536(a), on some or all of the specific pesticide registration actions challenged by plaintiffs; and whether this Court has authority to vacate a pesticide registration that has been duly granted by the EPA.

4. <u>Motions</u>:  Prior motions to dismiss and motions for a more definite statement have been resolved by this Court (ECF Nos. 157, 192, 222) and the United States Court of Appeals for the Ninth Circuit. *Ctr. for Biological Diversity v. U.S. Envtl. Prot. Agency*, 847 F.3d 1075 (9th Cir. 2017). Pending is Plaintiffs' Motion for Leave to File Third Amended and First Supplemental Complaint (ECF No. 259). Defendants and Defendant-Intervenors do not intend to oppose that motion but do intend to

file motions to dismiss, and Plaintiffs intend to oppose. Plaintiffs anticipate filing a motion for summary judgment. Federal Defendants and Defendant-Intervenors submit that, prior to the resolution of the motions to dismiss discussed above, any motion for summary judgment is premature.  Defendants and Defendant-Intervenors wish to preserve the possibility of future motions practice after resolution of the motions to dismiss discussed above.

5. <u>Amendment of Pleadings</u>:  Defendants and Defendant-Intervenors do not oppose Plaintiffs' Motion for Leave to File Third Amended and First Supplemental Complaint (ECF No. 259) but preserve all defenses.

6. <u>Evidence Preservation</u>:  It is Federal Defendants' position that Fed.R.Civ.P. 26 and the Guidelines Relating to the Discovery of Electronically Stored Information are inapplicable here because judicial review of the alleged EPA actions is limited to the administrative record for those actions.  Plaintiffs disagree that judicial review is limited to an administrative record, reserve the right to submit evidence, and confirm they have taken reasonable steps to preserve evidence.  At this time, Defendant-Intervenors defer to Plaintiffs and Defendants to seek to resolve this issue.

7. <u>Disclosures</u>:  Plaintiffs agree to stipulate to waive initial disclosures. The other parties do not believe that the provisions governing initial disclosures are applicable to this matter, and stipulate to not provide initial disclosures.

8. <u>Discovery</u>:  Given the impending motions to dismiss, Plaintiffs agree to postpone any discovery.  It is Federal Defendants' position that discovery is unavailable here because judicial review of the alleged EPA actions is limited to the administrative record for those actions.  Although any attempt at discovery would be premature before the resolution of the motions to dismiss discussed above, Federal Defendants reserve all rights to move to quash any discovery attempts as well as to object to, and move to strike, any attempts to supplement the administrative records.  At this time, Defendant-Intervenors defer to Plaintiffs and Defendants to seek to resolve this issue.

9. <u>Class Actions</u>:  This is not a class action.

10. <u>Related Cases</u>:  The parties are not aware of related cases as defined by Civil Local Rule 3-12(a).

11. <u>Relief</u>:  Plaintiffs seek declaratory and injunctive relief, vacatur of certain pesticide uses, costs and fees, and additional just and appropriate relief.

12. <u>Settlement and ADR</u>:  Plaintiffs have approached Defendants and Defendant-Intervenors about the possibility of settlement and continue to believe there are opportunities for settlement, possibly after resolution of further motions to dismiss.  Neither Defendants nor Defendant-Intervenors foresee opportunities for settlement prior to resolution of the anticipated motions to dismiss.

13. <u>Consent to Magistrate Judge For All Purposes</u>:  All parties have consented to Magistrate Judge Spero.

14. <u>Other References</u>:  At this time, this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:  Plaintiffs suggest resolution on the merits could be expedited through stipulated facts.  Federal Defendants are not averse to considering such proposals, to the extent any stipulation is possible.  Defendant-Intervenors believe the issue of narrowing issues should be deferred until after the resolution of anticipated motions to dismiss.

16. <u>Expedited Trial Procedure</u>:  The parties agree that this case is likely to be resolved on dispositive motions and will not be handled under the Expedited Trial Procedure of General Order No. 64.

17. <u>Scheduling</u>:

   A. <u>Plaintiffs' Motion for Leave to File Third Amended and First Supplemental Complaint</u>

      1. Defendants and Defendant-Intervenors consent to Plaintiffs' Motion (ECF No. 259), with full reservation of all defenses.

   B. <u>Motions to Dismiss</u>

      1. Defendants and Defendant-Intervenors shall confer with Plaintiffs by **November 1, 2017** on the grounds for the motions to dismiss and attempt to resolve or narrow the issues presented in the motions to dismiss.

      2. Defendants and Defendant-Intervenors shall file any motions to dismiss by **November 15, 2017**.

    3. Plaintiffs shall respond to any motions to dismiss by **January 17, 2018** and reserve the right to respond separately to each motion.

    4. Defendants and Defendant-Intervenors shall reply on any motions to dismiss by **February 20, 2018**.

    5. The parties respectfully request that the Court schedule argument on any motions to dismiss as soon as is convenient.

C. <u>Motions for Summary Judgment</u>

Plaintiffs reserve the right to move for summary judgment on some or all of their claims and agree to confer with the parties on the grounds and timing of any such motion. Federal Defendants and Defendant-Intervenors submit that any motion for summary judgment is premature prior to the resolution of the motions to dismiss discussed above.

18. <u>Trial</u>: The parties agree that this case is likely to be resolved on dispositive motions and will not require a trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: The parties have filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. ECF Nos. 3, 18-21, 41, 56, and 59.

20. <u>Professional Conduct</u>: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted this 18th day of August, 2017,

                                                                         /s/ *Stephanie M. Parent*
Stephanie M. Parent (OR Bar No. 925908)*
Center for Biological Diversity
PO Box 11374
Portland, OR 97211-0374
(971) 717-6404
sparent@biologicaldiversity.org

Collette L. Adkins (MN Bar No. 035059X)*
Center for Biological Diversity
P. O Box 595
Circle Pines, MN 55014-0595
(651) 955-3821
Email: cadkins@biologicaldiversity.org

Justin Augustine (CA Bar No. 235561)

---

JOINT CASE MANAGEMENT STATEMENT                                                   5
CV-11-0293-JCS

Center for Biological Diversity
1212 Broadway
Suite 800
Oakland, CA 94612
415-436-9682 ext. 302
jaugustine@biologicaldiversity.org

Jennifer Loda (CA Bar No. 284889)
Center for Biological Diversity
1212 Broadway
Suite 800
Oakland, CA 94612
415-436-9682 ext. 336
jloda@biologicaldiversity.org

*Attorneys for Plaintiffs*

AND

*s/ Bridget Kennedy McNeil*
Bridget Kennedy McNeil, Senior Trial Attorney
United States Department of Justice
Environmental & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
303-844-1484
bridget.mcneil@usdoj.gov

TRAVIS J. ANNATOYN. Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Ph: 202- 514-5243
Fax: 305-0275 (fax)
travis.annatoyn@usdoj.gov

*Attorneys for Federal Defendants*

AND

/s/ *David B. Weinberg*
WILEY REIN LLP
David B. Weinberg (D.C. Bar No. 186247)*
dweinberg@wileyrein.com
1776 K Street NW
Washington, DC 20006
(202) 719-7000

*Attorneys for Crop Life America, et al.*

AND

JOINT CASE MANAGEMENT STATEMENT
CV-11-0293-JCS

6

/s/ *Kirsten L. Nathanson*
Kirsten L. Nathanson (DC Bar No. 463992)*
knathanson@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500

Tracy Eila Reichmuth  (CA Bar No. 215458)
treichmuth@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
(415) 986-2800

*Attorneys for Intervenors American Farm Bureau Federation, et al.*

AND

/s/ *Cynthia L. Taub*
Seth Goldberg (CA Bar No. 153719)
sgoldberg@steptoe.com
Cynthia L. Taub (D.C. Bar No. 445906)*
ctaub@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
202.429.3000

*Attorneys for Defendant-Intervenor American Chemistry Council*

*Granted admission *pro hac vice*

JOINT CASE MANAGEMENT STATEMENT
CV-11-0293-JCS

7